### STATE v. ARTHUR PRICE.

(Filed 10 July 1968.)

APPEAL from *Froneberger, J.,* 26 February 1968, Criminal Session of Superior Court, GASTON County.

The defendant was tried under two bills of indictment, each being in proper form. The one in No. 67-929 charged the defendant with the crime of larceny of meat from Winn-Dixie Store, a corporation, on 13 December 1967. The other, in No. 67-930, charged the defendant with the offense of larceny of two knives and blades and a paint brush from S. H. Kress and Company, Inc. on 13 December 1967. In each case the value of the property was less than $200 and, thus, a misdemeanor charge.

In case No. 67-929 the defendant entered a plea of not guilty and the jury returned a verdict of guilty as charged.

In case No. 67-930 the defendant entered a plea of guilty and the court found that this plea was freely, understandingly and voluntarily made without promise of leniency.

The two cases were consolidated for the purposes of judgment and the defendant was ordered confined in the common jail of Gaston County to be assigned to work under the supervision of the State Department of Corrections for a period of six months.

From this judgment, the defendant appealed.

*T. W. Bruton, Attorney General, and James F. Bullock, Deputy Attorney General, for the State.*
*Robert H. Forbes, Attorney for defendant.*

CAMPBELL, J. This case represents another instance where those charged with crime take advantage of society. Without cost or expense to themselves, they enjoy the services of an attorney appointed by the court and compensated by the State out of taxpayers' money. After a fair and impartial trial in the one case, and after a plea of guilty freely and voluntarily entered in the other, a lenient sentence of six months for both crimes was entered. Under the statute the sentence could have been two years for each offense or a total of four years. Then at further expense to the taxpayers, the law breaker insists upon the case being brought to this Court for review.

After a review of the record in this case, we compliment the attorney for the defendant who frankly stated that he had "carefully scrutinized the record on appeal to determine whether or not any other assignments of error should be made. However, attorney can find no legitimate assignment of error or valid contention whereby defendant would be entitled to a new trial." We commend this attorney for his frankness and candor and, after a review of the record, we agree with his conclusion.

No error.

BRITT and MORRIS, JJ., concur.