STATE OF NORTH CAROLINA v. LLOYD SUTTON
No. 6830SC461

(Filed 11 December 1968)

**Criminal Law § 161—  assignment of error to entry of judgment**
   Assignment of error to the entry of the judgment presents the record proper for review.

APPEAL by defendant from *Jackson, J.,* 8 July 1968 Session, HAYWOOD Superior Court.

Defendant states in his brief that he was tried in the District Court of Haywood County on three warrants charging him with public drunkenness. He further states that he pleaded guilty in the District Court to each charge, and that after judgment was pronounced he appealed to the Superior Court. Each of the three warrants charged a subsequent offense within twelve months.

Upon the call of the three cases for trial in the Superior Court the defendant again entered pleas of guilty. Judgment was entered committing defendant to the custody of the Commissioner of Correction for an indeterminate sentence of not less than thirty days nor more than six months.

*T. W. Bruton, Attorney General, by (Mrs.) Christine Y. Denson, Staff Attorney, for the State.*

*W. R. Francis for the defendant.*

BROCK, J.

Defendant's only assignment of error is to the entry of the judgment. This assignment of error presents the record proper for review. 1 Strong, N. C. Index 2d, Appeal and Error, § 26, p. 152. We note that the pleas of guilty tendered by the defendant were accepted only after Judge Jackson had carefully examined the defendant and advised him of the possible consequences of his pleas. The sentence imposed was within statutory limits. G.S. 14-335.

With appropriate candor, defendant's court-appointed counsel has stated that his review of the record of the proceedings discloses no prejudicial error. We agree with counsel's appraisal.

No error.

BRITT and PARKER, JJ., concur.