STATE OF NORTH CAROLINA v. BILLY KEITH FOWLER
No. 6818SC447

(Filed 11 December 1968)

APPEAL by defendant from *Bowman, S.J.,* 29 January 1968, Regular Criminal Session, GUILFORD Superior Court, Greensboro Division.

The defendant was charged with the felony of armed robbery in a proper bill of indictment, which was returned at the 14 August 1967 Criminal Session of Superior Court of Guilford County. The defendant filed an affidavit of indigency on 30 October 1967 and an order was entered appointing counsel for the defendant.

The case was called for trial on 6 February 1968. During the second day of the trial, the defendant through his counsel withdrew his plea of not guilty and entered a plea of guilty. After informing the defendant of the nature of the charge and the possible consequences of his plea and after due inquiry, including a formal examination of the defendant, the trial court adjudicated that this plea of guilty was freely, understandingly, intentionally, and voluntarily made. The plea was, therefore, accepted and entered into the record. Sentence was imposed and the defendant was committed to the State Department of Correction on 9 February 1968.

On 13 February 1968 the defendant wrote to the clerk of court in Guilford County giving notice of his appeal.

A new attorney was appointed to perfect the appeal and to represent the defendant on the appeal.

*T. W. Bruton, Attorney General, and Harry W. McGalliard, Deputy Attorney General, for the State.*

*Jerry S. Weston, Attorney for defendant appellant.*

CAMPBELL, J.

This is a typical case where the system breaks down. The defendant, without expense to himself, called upon the taxpayers to furnish him with an attorney to advise him at the time of his trial. With the advice of this attorney, the defendant then, freely and voluntarily, entered a plea of guilty to the felony with which he was charged. Thereafter, he requested the Court of Appeals to review the trial and the sentence. The defendant again, without expense to himself, called upon the taxpayers to furnish him with an attorney to

present the matter to the Court of Appeals. This attorney has reviewed the proceedings and, after such review, has filed a brief in which it is frankly stated that he finds no errors. The Attorney General has reviewed the record on appeal and agrees with defense counsel that no prejudicial error has been made to appear.

We, likewise, have reviewed the record on appeal and we conclude that no error has been made to appear.

Affirmed.

