STATE OF NORTH CAROLINA v. ARCHIE LEE HENDERSON

No. 6926SC192

(Filed 30 April 1969)

APPEAL from *Falls, J.,* 2 December 1968, Schedule "A" Session, MECKLENBURG County Superior Court.

Archie Lee Henderson (defendant) was charged in a proper bill of indictment with the felony of breaking and entering a warehouse building with the intent to steal merchandise therefrom. The building was occupied by Cargo Salvage Company, a sole proprietorship owned and operated by Amvan Hasson.

The defendant was represented by court-appointed counsel at his trial. The defendant personally and through his attorney entered a plea of guilty to the above charge. The trial judge then questioned the defendant at length in open court about this plea. He thereafter entered an order to the effect that the defendant freely, voluntarily, and understandingly entered a plea of guilty to the charge and that,

at the time, the defendant knew and understood the penalty which the court could impose upon such plea.

From the imposition of a sentence of not less than seven years nor more than ten years in the State prison, the defendant appealed to this Court. The trial judge authorized the defendant to take this appeal as an indigent and assigned counsel to prepare the case on appeal and to present the case to this Court.

*Attorney General Robert Morgan and Staff Attorney Carlos W. Murray, Jr., for the State.*

*W. Herbert Brown, Jr., for defendant appellant.*

CAMPBELL, J.

Counsel for defendant in his brief stated:

"After diligent study of the record in this case, this attorney can find no assignment of error anywhere in the proceedings of said case but submits the entire Record and this Brief to the Court for its determination as to whether or not any error heretofore has been committed to the prejudice of the defendant."

We have reviewed the record in this case and can find no error in the proceedings in the trial court.

Since the defendant had a fair and impartial trial and since no error was called to the attention of this Court or appeared on the face of the record, the judgment of the superior court is

Affirmed.

BROCK and MORRIS, JJ., concur.