## STATE OF NORTH CAROLINA v. JAMES HOLDEN

### No. 6910SC348

(Filed 2 July 1969)

**Rape § 12— carnal knowledge of 13-year-old female — appeal**

On appeal from defendant's conviction of carnal knowledge of his thirteen-year-old stepdaughter, the record fails to disclose prejudicial error.

APPEAL by defendant from *McKinnon, J.,* 8 January 1969 Session, WAKE County Superior Court.

James Holden (defendant) was charged in a proper bill of indictment with unlawfully, willfully and feloniously abusing and carnally knowing his thirteen-year-old stepdaughter. The jury found the defendant guilty as charged, and from a judgment of not less than seven nor more than ten years in the State Prison, the defendant appealed to this Court.

*Attorney General Robert Morgan, Deputy Attorney General Harrison Lewis and Staff Attorney D. M. Jacobs for the State.*

*Larry D. Johnson for defendant appellant.*

CAMPBELL, J.

The court-appointed attorney representing the defendant candidly and frankly made the following statement in his brief:

". . . I carefully examined the record in this case with a view of determining whether any errors had been committed in the trial which were prejudicial to the defendant. After careful and diligent review, the court appointed counsel advised the defendant that he could find no error in the trial. However, the defendant insisted that counsel proceed with the appeal, and, in compliance with the defendant's demand, and in compliance with the court's appointment, counsel has prepared the record as is now before the court. Counsel therefore submits the record to the court and respectfully requests that the court review the record, and give defendant the benefit of any error it may find."

This Court is constantly being called upon to review criminal cases where there is absolutely no merit in the appeal. See *State v. Hedrick,* 4 N.C. App. 521, 167 S.E. 2d 43; *State v. Carver,* 4 N.C. App. 520, 167 S.E. 2d 57; *State v. Henderson,* 4 N.C. App. 519, 166 S.E. 2d 880; *State v. Flanders,* 4 N.C. App. 505, 167 S.E. 2d 43; *State v. Campbell,* 3 N.C. App. 592, 165 S.E. 2d 341; *State v. Wil-*

*liams,* 3 N.C. App. 233, 164 S.E. 2d 404; *State v. Fowler,* 3 N.C. App. 232, 164 S.E. 2d 387; *State v. Thompson,* 3 N.C. App. 231, 164 S.E. 2d 391; *State v. Sutton,* 3 N.C. App. 230, 164 S.E. 2d 392; *State v. Price,* 1 N.C. App. 629, 162 S.E. 2d 98; *State v. Hamlin,* 1 N.C. App. 175, 160 S.E. 2d 513. The taxpayers of the State are being called upon to defray the costs and expense of such appeals and to pay attorneys for the time which they must devote in perfecting such appeals. It represents a great waste and imposes an unjustified expense and burden upon society. Perhaps this problem could be at least partially alleviated by a requirement that, before an indigent criminal defendant is permitted to impose further expense upon society, the merits of his appeal be certified to by an attorney. Such a procedure would protect the rights of indigent defendants and the certifying attorney would thereby assume some responsibility for the expense imposed upon the taxpayers. Under the present situation, attorneys not only feel impelled to perfect such appeals, but they are exposed to numerous charges by criminal defendants of incompetence and dereliction of duty if such appeals are not perfected. Certainly society and members of the Bar should have some relief without sacrifice to the rights of defendants.

We have reviewed the record of this case and find no prejudicial error. The defendant had a fair and impartial trial free of prejudicial error.

No error.

BROCK and MORRIS, JJ., concur.